**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**JACQUELINE ALSTON; JAQUANA GREEN; LEGIND GREEN**, individually and as Father and Natural Guardian of **L.G., JR. (age 5)**; and **ELIJAH PETERS**,

                **19 CV 3978 (ST)**

                Plaintiffs,

              -against-          **ATTORNEY'S DECLARATION IN SUPPORT OF INFANT COMPROMISE**

**THE CITY OF NEW YORK**; **DETECTIVE THIRD-GRADE RICHARD REILLY**, Shield 1475, Brooklyn Narcotics South; And **JOHN and JANE DOES 1-10**,

                Defendants.
-------------------------------------------------------------------------X

    **JOEL BERGER, ESQ.** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1.    I am counsel for all plaintiffs in the above-captioned action.

    2.    I submit this Declaration, pursuant to Local Civil Rule 83.2 (a), in support of a proposed infant compromise.

    3.    As the Court is aware from the settlement conference of March 29, 2021, the parties have reached a settlement under which the defendants will pay each plaintiff the sum of $9,000, and will separately pay me an attorney's fee of $65,000.

    4.    One of the plaintiffs is Legind Green, individually and as Father and Natural Guardian of L.G., Jr. (date of birth May 16, 2014, age 5 at the time the lawsuit was filed).

    5.    L.G., Jr. is one of five individuals who were traumatized by a raid by police officers that is the basis of this lawsuit.

    6.    I believe that it would be extremely difficult to determine with any degree of

precision whether L.G., Jr., is entitled to any greater or lesser sum in damages for the trauma inflicted by the raid than the four adult plaintiffs, and therefore support a settlement in which each plaintiff including L.G., Jr., receives the same settlement amount.

7. Pursuant to CPLR 1208 (b) (2), I hereby declare I have not, directly or indirectly, become concerned in the settlement at the instance of a party opposing, or with interests adverse to, the infant E.J., nor have I received nor will I receive any compensation from such party. I do represent L.G., Jr.'s Father and Natural Guardian, Legind Green, and am confident that Legind Green has at all times in this litigation acted in the best interests of L.G., Jr.

8. As Your Honor is aware, this case has involved lengthy and complex litigation, both before Your Honor and Judge Kovner. As Your Honor is also aware from the settlement conference, I have accepted a fee that is far smaller than the sum that would be sought in any fees litigation. The fee will be paid by defendants separately and will not be taken out of the settlement payment for L.G., Jr.

9. I have advised plaintiff Legind Green that the $9,000 settlement funds for L.G., Jr., must be placed in an interest bearing custodial or trust bank account, to be held for the sole use and benefit of L.G., Jr., until he reaches the age of eighteen years, in an account paying the highest rate of interest available, provided that all funds will be available to L.G., Jr., on the date upon which he attains the age of eighteen years.

10. I have further advised plaintiff Legind Green that he may not make any withdrawals from said account prior to the L.G., Jr., attaining the age of 18 except upon prior Order of this Court., and that any application to the Court for permission to make any such withdrawal from said account must demonstrate that the withdrawal will be for L.G., Jr.'s sole use and benefit.

11. I respectfully request the Court approve the infant compromise in this case without requiring a hearing or bond or any additional proceedings.

Dated:  New York, New York
       April 29, 2021

                                        /s/ Joel Berger
                                        **JOEL BERGER**